HARRINGTON MANUFACTURING CO., INC. v. LOGAN TONTZ COMPANY AND TRIAD METAL PRODUCTS COMPANY

No. 806SC1140

(Filed 1 September 1981)

**Damages § 17; Uniform Commercial Code § 24— revocation of acceptance of goods —cover—instruction on damages**

    In a breach of contract action in which plaintiff contended that it justifiably revoked its acceptance of latches ordered from defendant after it had paid part of the purchase price and that it properly "covered" by procuring substitute latches for those ordered by defendant, the trial court erred in charging the jury that they would have to find that there had been a justifiable revocation and "cover" to award damages to plaintiff, since damages for "cover" are damages to which plaintiff would be entitled in addition to so much of the purchase price as it had paid if the jury should find that plaintiff "covered" after properly revoking its acceptance. G.S. 25-2-712.

APPEAL by plaintiff from *Hobgood (Hamilton H.), Judge.* Judgment entered 2 June 1980 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 25 May 1981.

This is an action for breach of contract which is now in this Court for the second time. *See Manufacturing Co. v. Logan Tontz Co.*, 40 N.C. App. 496, 253 S.E. 2d 282 (1979) in which this Court remanded for a new trial on all issues. The defendant Logan Tontz Company was voluntarily dismissed prior to trial.

The plaintiff alleged, and its evidence tended to prove, that it had purchased from Triad Metal Products latches to be used in the construction of bulk tobacco curing barns and that these latches did not conform to the sample by which plaintiff had ordered. It offered further evidence that it paid a part of the purchase price, revoked its order, and replaced the latches at additional cost by making its own latches. The jury found that the plaintiff had justifiably revoked its acceptance of the latches, that the plaintiff did not properly "cover", and awarded the plaintiff $1.00 in damages.

Plaintiff appealed.

*Pritchett, Cooke and Burch, by Stephen R. Burch and W. W. Pritchett, Jr., for plaintiff appellant.*

*Turner, Enochs, Foster, Sparrow and Burnley, by B. J. Pearce and James R. Turner, and Allsbrook, Benton, Knott, Cranford and Whitaker, by Thomas I. Benton, for defendant appellee.*

WEBB, Judge.

We note at the outset that the appellant has violated Rule 28(b)(3) of the Rules of Appellate Procedure in that in its brief it did not, immediately following each question, refer to the assignment of error and exception pertinent to the question identified by their numbers and pages in the printed record on appeal. Pursuant to Rule 2 of the Rules of Appellate Procedure, we consider the appellant's assignments of error.

The appellant assigns error to the charge of the court as to damages. We believe this assignment of error has merit. The court correctly charged the jury under the previous decision of this Court as to what the plaintiff had to prove to show justifiable revocation under G.S. 25-2-608, and "cover" under G.S. 25-2-712. In charging on damages, the court instructed the jury it would have to answer the revocation issue and the "cover" issue favorably to the plaintiff in order to award damages to plaintiff. In this there was error. As we stated in *Manufacturing Co. v. Logan Tontz, supra,* at page 504:

> "If a jury did find such a revocation of acceptance, then, under G.S. 25-2-711(1) plaintiff would be entitled to recover the amount of the contract price it has paid for the goods involved. In addition to allowing the recovery of so much of the purchase price as has been paid, G.S. 25-2-711 provides additional remedies for the buyer upon a justifiable revocation of acceptance. Under G.S. 25-2-711(1)(a) the buyer is entitled to 'cover' by procuring substitute goods for those found to be nonconforming."

As our decision on the previous appeal points out, damages for "cover" are damages to which the plaintiff would be entitled in addition to so much of the price as had been paid if the jury should find the plaintiff has "covered" after properly revoking its acceptance. G.S. 25-2-712(3) specifically provides that the failure of

a buyer to effect "cover" does not bar him from any other remedy. When the jury found the plaintiff had justifiably revoked its acceptance, the plaintiff was entitled to damages in the amount it had paid for the goods involved although the jury found the plaintiff did not "cover." For this reason we hold it was error to charge the jury they would have to find there had been a revocation and "cover" to award damages.

The plaintiff also assigns error to the exclusion of testimony which it contends showed loss of profit and damage to the goodwill of its business. We do not believe the evidence in this record, including that which was excluded, is sufficient to show a loss of profit or damage to goodwill. For that reason we do not consider these elements of damage in this case.

We do not discuss the plaintiff's other assignments of error, as the questions they pose may not arise at a new trial. For the reasons given in this opinion, we hold there must be a new trial on all issues.

New trial.

Chief Judge MORRIS and Judge BECTON concur.